### RAWOLLE et al. v. KALBFLEISCH et al.

(Supreme Court, Appellate Term. October 27, 1905.)

RECEIVERS—SETTING ASIDE SALES—INTEREST OF DEBTOR.

The debtor has an interest authorizing his moving the court to set aside the sale by his receiver, though intervening the sale and motion the property was sold under a mortgage given by him, where he disputes the validity of such mortgage sale.

Appeal from City Court of New York, Special Term.

In the matter of proceedings supplementary to execution under judgment in favor of Frederick Rawolle and others against Edward L. Kalbfleisch and another. From an order denying a motion to vacate an order, made at the instance of Edward L. Kalbfleisch, Jr., judgment debtor, setting aside a sale made to John C. Hamilton by the receiver of said debtor, said Hamilton appeals. **Affirmed.**

See 94 N. Y. Supp. 16.

Argued before SCOTT, P. J., and BISCHOFF and FITZGER-
ALD, JJ.

Otto Horwitz, for appellants.

Yorke Allen, for respondents.

BISCHOFF, J.   A sale of the judgment debtor's interest in a cer-
tain estate having been set aside for irregularities in the proceedings and
for inadequacy in the price realized, this motion was made to vacate
the order setting aside the sale; the ground of the application being that
the judgment debtor, when seeking that order, had no longer any in-
terest in the fund in question, a fact which he did not then disclose.

It is not disputed that, intervening the date of the sale and of the mo-
tion to set it aside, the judgment debtor's interest in this fund had been
sold at public auction upon foreclosure of a mortgage made by the judg-
ment debtor to one Kenyon; but it also appears that the validity of this
sale is in dispute, and that the judgment debtor, claiming in disaffirm-
ance of that sale, still asserts an interest in the subject-matter.  The
merits of the dispute with regard to this later sale, as between the parties
to it, could not well be determined upon the present motion.   It sufficed
that there was an apparently bona fide controversy, and this gave the
judgment debtor an actual interest in the subject-matter of the earlier
sale; for, with the sacrifice of his interest then, if permitted, he would
have lost the benefits to accrue to him, should he establish his asserted.
equities as against the sale under the Kenyon mortgage.   The new mat-
ter upon which the motion to vacate the order setting aside the receiver's
sale was based did not, therefore, call for the granting of the applica-
tion, since the standing of the judgment debtor to invoke the court's
action, depending, as it did, simply upon his possession of some in-
terest to be protected, was not rendered infirm.

Order affirmed, with $10 costs and disbursements.   All concur.